UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| LAWRENCE FRUMUSA LAND DEVELOPMENT, LLC | DECISION AND ORDER |
| v. | Case No. 6:09-CV-6448 |
| MICHAEL H. ARNOLD, TRUSTEE, and KATHLEEN SCHMITT, U.S. TRUSTEE, | Bankruptcy Case No. 09-21126 |
| Appellees. | |

_____

INTRODUCTION

Appellant Lawrence Frumusa Land Development LLC, purportedly proceeding "pro se," commenced the instant action to appeal an Order (Bankruptcy Case No. 09-21126-JCN, Bankruptcy Docket No. [#147]) of the Honorable John C. Ninfo, II, United States Bankruptcy Judge, which converted Appellant's Chapter 11 case to Chapter 7. Now before the Court are two applications by Appellant: 1) a motion [#10] for a stay of the Chapter 7 proceedings and return of assets to the debtor; and 2) a motion [#14] "for an expedited ex-parte hearing." For the reasons discussed below, the applications are denied and this action is stayed to allow Appellant to retain counsel.

BACKGROUND

This action is closely related to another action which the Court recently dismissed, *In re Lawrence Frumusa*, Docket No. 09-CV-6436. The reader is presumed to be familiar with the facts of this case, which are essentially the same as the facts in 09-CV-6436, set forth by the Court in two Decisions and Orders. (09-CV-6436, Docket Nos. [#3] & [#9]). It is sufficient to note the following additional procedural history.

Appellant filed the underlying bankruptcy case as a Chapter 11. On May 14,

2009, creditor Monroe Capital, Inc. filed a motion to convert the case to Chapter 7. (Bankruptcy Docket No. [#24]). On May 20, 2009, the U.S. Trustee also filed a motion to convert the case to Chapter 7. (Bankruptcy Docket No. [#39]). On May 22, 2009, Appellant's attorneys filed objections to the motions to convert. (Bankruptcy Docket No. [#45]). However, on May 28, 2009, Appellant's attorneys reached a consent agreement with the U.S. Trustee, whereby Appellant agreed to provide certain documentation to the Trustee by June 4, 2009, otherwise Appellant would consent to the case being converted to Chapter 7.

On July 13, 2009, Appellant filed a Chapter 11 plan. However, on July 20, 2009, Appellant filed a motion to convert the case from Chapter 11 to Chapter 7. (Bankruptcy Docket No. [#145]) The same day, Bankruptcy Court granted the application, and converted the Case to Chapter 7 (Order Converting Case to Chapter 7, Bankruptcy Docket [#147]).

Appellant subsequently changed its mind and asked Bankruptcy Court to reconsider the Order. In that regard, on July 22, 2009, Appellant filed a motion for reconsideration (Bankruptcy Docket No. [#156]), in which Appellant's attorneys stated, in relevant part: "Although the Debtor instructed undersigned counsel to file the Motion to Convert, [Appellant's owner] Lawrence Frumusa mistakenly believed that the Court would hold a hearing on this matter before entering the Order wherein the impact on unsecured claims would be considered." *Id*. ¶ 4.

On July 27, 2009, Appellant's attorneys moved to withdraw, on the grounds that Mr. Frumusa was not cooperating with them or with the Chapter 7 Trustee. (Bankruptcy Docket No. [#167]).

2

On July 28, 2009, Mr. Frumusa filed a motion to withdraw Appellant's Motion to Convert, in which he explained why Appellant filed the motion to convert the case to Chapter 7. (Bankruptcy Docket No. [#172]). Mr. Frumusa stated that he discussed the issue on the telephone with his attorneys, but he was rushed, because he was on his way to visit a relative in the hospital. Mr. Frumusa further stated that he had not given adequate consideration to how conversion would impact on Appellant and on Appellant's creditors. Notably, though, Mr. Frumusa did *not* indicate that his attorneys filed the motion without his permission. Such fact appears highly relevant, inasmuch as Appellant's attorneys specifically stated previously that Mr. Frumusa had authorized the filing of the motion.

On July 30, 2009, the Chapter 7 Trustee opposed Appellant's motion for reconsideration, stating that converting the case back to Chapter 11 would not be in the creditors' best interest, and that Appellant was not cooperating with the Trustee. (Bankruptcy Docket No. [#185]).

On July 30, 2009, Mr. Frumusa filed an additional request to vacate the conversion order, and he reiterated the explanation that he previously gave, namely, that he had made the decision to seek conversion to Chapter 7 hurriedly, and had not given the matter sufficient thought. (Bankruptcy Docket No. [#187]). Again, as with his previous submission, Mr. Frumusa did not indicate that his attorneys had filed the conversion motion without his permission.

On July 30, 2009, creditor Monroe Capital, Inc. filed papers opposing Appellant's motion for reconsideration. Monroe Capital stated that there was no legal basis for the motion, and that Appellant was not properly cooperating in the administration of the

3

bankruptcy estate.

On August 3, 2009, Mr. Frumusa filed a motion to recuse Judge Ninfo, "for questionable impartiality." (Bankruptcy Docket No. [#197]). In that regard, Mr. Frumusa suggested that Bankruptcy Court's prompt signing of the order converting the case to Chapter 7 was improper.[1]

On August 5[2], 2009, Bankruptcy Court heard oral argument on the application. Mr. Frumusa did not appear at that time, because he was incarcerated in connection with a Contempt Order issued in a case pending in New York State Supreme Court.[3] Appellant's attorneys appeared by telephone, however, stating that they were appearing in connection with a motion to withdraw as counsel, and further indicating that Mr. Frumusa had discharged them as Appellant's attorneys on July 29, 2009. Judge Ninfo stated that he was aware of these circumstances, but nevertheless denied the reconsideration motion.[4] In that regard, Judge Ninfo found that Appellant had not shown cause for reconsideration, and that a tactical mistake did not warrant reconsideration. (Transcript of Hearing at 6-7, filed in Case No. 09-CV-6436, Docket

---

[1] Appellant repeatedly indicates in this appeal that Bankruptcy Court signed the conversion order some ninety minutes after it was submitted, and that this was somehow improper. However, Appellant is mistaken. There is absolutely nothing improper about a court promptly granting a motion without a hearing where, as here, it was on consent of the parties.

[2] The transcript of this appearance indicates that the date was August 6, 2009, however, from the docket sheet, that date appears to be a typographical error.

[3] Apparently, Appellant was taken into custody on August 4th and released on August 5th, some time after the appearance in Bankruptcy Court.

[4] Transcript of August 5, 2009 appearance, at 20: THE COURT: "[H]e seems to be able to file all kind of papers and pleadings on his own behalf, and he filed nothing in connection with this motion to convert his Chapter 11 case . . . I can't tell you how many pleadings I've been told he's filed . . . . What do you think he needs more time for? He hasn't filed anything with respect to this."

4

No. [#2]). Judge Ninfo further rejected Mr. Frumusa's explanation for the filing of Appellant's conversion motion as "preposterous," and found that conversion to Chapter 7 was appropriate for cause. *Id.* at 8-9. Judge Ninfo also converted Mr. Frumusa's personal bankruptcy case to Chapter 7, stating:

> At this point, I'm going to grant the motion to convert Mr. Frumusa's case. I think there clearly are grounds under 11.12B4 for cause, including those that have been separately articulated by the US trustee and by Mr. Dove. And we stated causes, those are not all inclusive, in the kinds of actions that we have seen, including diversions after filing the petition, failure to file the necessary schedules and reports, not get insurance on assets which weren't even initially disclosed.
>
> ***
>
> I don't see how he can put together a plan. Mismanagement of [Frumusa's] companies – the mismanagement of everything that has been shown to the Court, including these whole misdirected, [procedurally incorrect] motions and pleadings that keep getting filed with the Court, makes pretty clear to the Court that really, Mr. Frumusa cannot be left in charge of any of the business or other assets that he may own or have interest in, for the sake of the creditors, and that there is plenty of reason or cause to convert this, as we heard today.
>
> The fact that Mr. Frumusa may be incarcerated at this point, although a fact, doesn't change the fact that he never, before his incarceration, which I believe took place yesterday, filed opposition to the pending motion as required by the motion papers. And I can only conclude from that that he is not, in fact, opposed to the conversion. . . . I think there is cause. I think we have to put an end to this.

(Transcript of August 5, 2009 appearance at 32-33).

On August 7, 2009, Appellant filed a notice of appeal to this Court. "Appellant's Statement of Issues" frames the issue on appeal as follows:

> Debtor Lawrence Frumusa Land Development LLC, did not authorize the conversion of the debtor case from Chapter 11 to Chapter 7. Debtor Lawrence Frumusa Land Development LLC, did not authorize the submission - filing of the Motion to Convert Case from Chapter 11 to Chapter 7. Conversion of a Debtors case from a Chapter 11 to a Chapter 7 requires definite affirmative authorization from the debtor. Most importantly, when the assets of the Debtor involved are valued [at] approximately $25 million d

5

(Appellant's Statement of Issues). Essentially, Appellant maintains that Bankruptcy Court erred by converting the case to Chapter 7, because he never authorized his attorneys to file the motion seeking such conversion. In that regard, Appellant alleges that its attorneys were in collusion with the U.S. Trustee, and betrayed Appellant in exchange for payment of their fees by the U.S. Trustee. Appellant further contends that when it attempted to have the conversion order set aside, the Bankruptcy Court wrongfully failed to consider the papers submitted by Mr. Frumusa, due to "technical defects."

On September 3, 2009, Appellant filed the subject motion [#10] entitled "Emergency Motion for relief being Stay of Chapter 7 actions and Return of Assets to Debtor." Appellant essentially contends that its bankruptcy case should properly proceed as a Chapter 11 case, and that the conversion occurred because of the wrongful actions of creditors, the Bankruptcy Court, and Appellant's own attorneys. Appellant wants this Court to stay the Chapter 7 case and direct that all assets and rents be returned to Appellant.

On September 22, 2009, Appellant filed the subject motion [#14] "for an expedited ex-parte hearing." In support of the application, Mr. Frumusa states, in relevant part, that "the actions of the trustee are concerning and significantly diminishing the appellant['s] ability to execute on the Chapter 11 restructuring plan in which all creditors are paid 100%."

DISCUSSION

Appellant is requesting a stay of Judge Ninfo's Order, converting his case from Chapter 11 to Chapter 7, pending the outcome of this appeal. Appellant, which is

purportedly proceeding *pro se*, is represented by its owner, Lawrence Frumusa. At the outset, though, it is clear that Mr. Frumusa cannot represent Appellant, since he is not an attorney. *Lattanzio v. COMTA*, 481 F.3d 137, 139-140 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation. We have extended this reasoning to partnerships and single shareholder corporations . . . . Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney.") (citations omitted). Even assuming that Mr. Frumusa could represent Appellant, his attempts to do so thus far have been disastrous. Although Mr. Frumusa may be a skilled real estate developer as he claims, it should be clear to him by now that he has no skill in the area of bankruptcy law.

Moreover, even if the Court reached the merits of the pending applications, they lack merit. In that regard, it is well settled that,

> [t]he decision as to whether to issue a stay of an order pending appeal lies within the sound discretion of the district court. Four factors are considered in exercising that discretion: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.

*In re Adelphia Communications Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007) (footnotes, citations, and internal quotation marks omitted); *see also, Id*. (Noting that courts must balance these factors.) (Footnotes and citations omitted).

Applying these factors, the Court finds that a stay is clearly not warranted. In

that regard, the Court finds, first, that Appellant may well suffer irreparable harm if a stay is not granted, since this will result in the continued liquidation of the estate. However, staying the Chapter 7 case and returning the assets to Appellant would likely cause substantial injury to creditors, since Bankruptcy Court found that Mr. Frumusa is not capable of reorganizing his companies. It is unclear what effect a stay might have on the public. Most importantly, though, it is clear that Appellant has not "demonstrated a substantial possibility, although less than a likelihood, of success on appeal." To the contrary, it appears that the appeal is frivolous, given the factual background set forth above. The basis of Appellant's appeal is that its attorneys filed an unauthorized motion to convert the case from Chapter 11 to Chapter 7. This allegation, though, is entirely inconsistent with Mr. Frumusa's statements to Bankruptcy Court in support of the motion for reconsideration, and appears to be a desperate attempt by Mr. Frumusa to reverse the effect of his decision to have his attorneys file the conversion motion.

Assuming for the sake of argument that Appellant's conversion motion was unauthorized, Mr. Frumusa forgets that Monroe Capital, Inc. had also filed a motion to convert the case to Chapter 7, and it appears almost certain that Judge Ninfo would have granted that motion for cause, on the merits, without regard to Appellant's motion to convert.

CONCLUSION

For the foregoing reasons, Appellant's motions [#10][#14] are denied. Further, this action is stayed to allow Appellant to retain counsel. Unless Appellant retains counsel by **November 30, 2009**, and unless the retained counsel files a notice of appearance and an amended notice of appeal by that date, the Court will dismiss this

action.

SO ORDERED.

DATED: Rochester, New York
October 29, 2009

          /s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge